1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9

10 | PHUONG N. TRAN and CHUONG VAN
NGUYEN, husband and wife,
11
Plaintiffs,
12
v.
13
BANK OF AMERICA, N.A.,
14
Defendant.
15

CASE NO. CV12-1281-RSM

ORDER GRANTING DEFENDANT
BANK OF AMERICA'S MOTION
TO DISMISS

16

## I. INTRODUCTION

17
18        Before the Court is Defendant Bank of America's Motion to Dismiss under Fed. R. Civ.

19 Pro. 12(b)(6). Dkt. # 8.  Having thoroughly considered the parties' briefing and the relevant

20 record, the Court finds oral argument unnecessary. For the reasons set forth below, Defendant's

21 motion shall be GRANTED.

22
23
24

1

## II. DISCUSSION

2

**A.  Background**

3       Plaintiffs Phuong N. Tran and Chuong Van Nguyen are husband and wife. Defendant is

4   Bank of America, N.A. (BOA). In May 2007, Plaintiffs bought a home, which they financed

5   with a loan (the "Note") from Countrywide Home Loans, Inc ("Countrywide"). Plaintiffs secured

6   the Note with a Deed of Trust for the benefit of Mortgage Electronic Registration Systems.

7   Chicago Title Insurance Company was the trustee. Federal National Mortgage Association

8   ("FNMA") owned and backed the Note.

9        In November 2010, ReconTrust Company, N.A. became successor trustee with the same

10  powers that the Chicago Title Insurance Company held as original trustee. In 2008, BOA became

11  assignee of the Deed of Trust when it acquired Countrywide. In 2010, when Plaintiffs failed to

12  repay the sums due on the loan, BOA initiated foreclosure proceedings.

13       Defendant asserts that as part of the foreclosure proceedings it sent a Notice of Intent to

14  Accelerate to Plaintiffs in accordance with the terms of the Deed of Trust in March 2010. Dkt. #

15  8, p. 2. Plaintiffs contend that they never received a Notice of Intent to Accelerate. Dkt. # 3, p. 5.

16       On January 19, 2011, a Notice of Trustee's Sale was recorded in Snohomish County with

17  a date for the auction. The sale was originally scheduled for April 22, 2011, but it did not occur

18  as scheduled. Meanwhile, in February 2011, Plaintiffs began short sale negotiations with BOA.

19       Plaintiffs allege that they believed that BOA was not going forward with the Trustee's

20  Sale because Plaintiffs were in short sale negations with BOA and because the Trustee's Sale did

21  not occur as originally scheduled on April 22, 2011. Plaintiffs pursued a short sale, found a pre-

22  qualified buyer, and entered into a property sales contract for $229,000. Plaintiffs contacted

23  BOA when they found the buyer, but BOA did not respond.

24

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS - 2

1    One month later, on May 20, 2011 ReconTrust went forward with the Trustee's Sale and

2    sold the property to FNMA for $337, 759.99.  A Trustee's Deed was recorded in Snohomish

3    County records on June 2011.

4    Plaintiffs now bring twelve claims against BOA arising from BOA's conduct leading up

5    to the Trustee's Sale. Those claims are as follows: (1) breach of contract; (2) breach of contract

6    for failure to comply with the Deed of Trust Act; (3) breach of contract for short sale; (4) breach

7    of contract to negotiate; (5) breach of covenant of good faith; (6) negligent misrepresentation; (7)

8    fraud; (8) promissory estoppel; (9) unfair and deceptive business practices in violation of the

9    Washington Consumer Protection Act (CPA); (10) negligence (11) gross negligence; and (12)

10    wanton misconduct.

11   **B.  Standard**

12    In considering a Rule 12(b)(6) motion to dismiss, the Court must determine whether the

13    plaintiff has alleged sufficient facts to state a claim for relief which is "plausible on its face."

14    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

15    544, 570 (2007)). A claim is facially plausible if the plaintiff has pled "factual content that

16    allows the court to draw the reasonable inference that the defendant is liable for the misconduct

17    alleged." *Id.* (citing *Twombly,* 550 U.S. 556). In making this assessment, the Court accepts all

18    facts alleged in the complaint as true, and makes all inferences in the light most favorable to the

19    non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009)

20    (internal citations omitted). The Court is not, however, bound to accept the plaintiff's legal

21    conclusions. *Iqbal*, 556 U.S. at 678. While detailed factual allegations are not necessary, the

22    plaintiff must provide more than "labels and conclusions" or a "formulaic recitation of the

23    elements of a cause of action." *Twombly*, 550 U.S. at 555.

24

**C. Analysis**

The Court shall dismiss all twelve claims because Plaintiffs have failed to state claims upon which relief can be granted. Plaintiffs have not stated plausible claims because they waived their right to bring claims for breach of contract, breach of covenant of good faith, promissory estoppels, negligence, gross negligence, and wanton misconduct when they failed to restrain the trustee's sale. Additionally, Plaintiffs failed to allege specific facts to satisfy the elements of claims for negligent misrepresentation, fraud, and violation of the Washington Consumer Protection Act (CPA).

(1)  Plaintiffs Waived their Right to Bring Claims for Breach of Contract, Breach of Covenant of Good Faith, Promissory Estoppel, Negligence, Gross Negligence, and Wanton Misconduct when they did not Restrain the Trustee's Sale Pursuant to RCW 61.24.130.

The Washington Deed of Trust Act ("DTA"), found at RCW 61.24, sets forth the procedures and requirements for nonjudicial foreclosures. Two chapters of the DTA are at issue: RCW 61.24.130 and RCW 61.24.040. The former is a statutory procedure within the DTA to preclude a sale once foreclosure has begun. The latter chapter sets forth the waiver doctrine, stating, "[f]ailure to bring a lawsuit pursuant to the statutory procedures of RCW 61.24.130, may result in a waiver of any proper grounds for invalidating the Trustee's sale."  Pursuant to the waiver doctrine, "[a] party waives the right to postsale remedies where the party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to obtain a court order enjoining the sale." *Brown v. Household Realty Corp.* 146 Wash. App. 157, 163 (2008).

Defendants have moved to dismiss Plaintiffs' claims for breach of contract, breach of covenant of good faith, promissory estoppel, negligence, gross negligence, and wanton misconduct under the waiver doctrine. Plaintiffs argue that it does not apply, asserting three

1   reasons as to why they did not waive their right to these claims. First, they contend they did not

2   receive notice of the Trustee's Sale. Second, they assert they did not have knowledge of a

3   defense to foreclosure prior to sale. Third, they seek relief that is outside the scope of the waiver

4   doctrine. The Court finds Plaintiffs' arguments without merit.

5        As to the first contention, Plaintiffs did have notice of the sale. The Notice of Trustee's

6   Sale was recorded in the Snohomish County records on January 19, 2011, and Plaintiffs began

7   their short sale negotiations in February 2011, i.e. after Notice of the Trustee's Sale was

8   recorded. Indeed, Plaintiffs admit that they had notice of a Trustee's sale scheduled for April 22,

9   2011. They argue, however, that they believed that BOA was not going forth with a sale because

10  the sale did not occur on the first scheduled date, and BOA entered into negotiations with them

11  about a short sale. However, Plaintiffs assertion that they believed that BOA was not going forth

12  with the Trustee's Sale does not negate the fact that they received notice of the sale.

13       Second, Plaintiffs at least had constructive knowledge of a defense to the Trustee's Sale.

14  Plaintiffs have constructive knowledge of a defense to a Trustee's sale when, at the time of the

15  sale, they knew of facts necessary to establish the elements of a defense. *See Brown*, 146 Wash.

16  App 157, 164 (holding that the mere knowledge of facts necessary to establish the elements of

17  the claim sufficiently meets the requirements of the waiver doctrine). Plaintiffs' claims are

18  primarily based upon the following assertions: they did not receive notice of the Trustee's sale;

19  they did not receive the Notice of Intent to Accelerate; BOA did not meet its contractual

20  obligation to negotiate a short sale; and BOA did not properly appoint ReconTrust as Trustee.

21  These facts were all in their possession before the sale.

22       The Notice of Trustee's Sale clearly demonstrates that Plaintiffs had knowledge of these

23  facts before the sale. As discussed above, despite Plaintiffs' assertions, they did have notice of an

24

1   impending Trustee's Sale. And the Notice specifically advised that failure to bring a lawsuit

2   pursuant to RCW 61.24.130 may result in a waiver of any proper grounds for invalidating the

3   Trustee's Sale. Dkt. # 9, Ex. 5, p. 3. Furthermore, the Notice was itself a clear indication to

4   Plaintiffs that BOA was not pursuing short sale negotiations. Finally, ReconTrust issued the

5   Notice, so Plaintiffs were aware that ReconTrust was the new Trustee. In other words, when

6   Plaintiffs received the Notice of the Trustee's Sale, they could have complied with the statutory

7   provisions of RCW 61.23.130 and sought to restrain the sale by asserting that they never

8   received a Notice of Intent to Accelerate; that BOA had not used its best efforts to negotiate a

9   short sale; or that ReconTrust was not properly appointed as Trustee.  Plaintiffs may not now

10  bring claims based on facts of which they had sufficient knowledge before the sale.

11          Plaintiffs also allege some facts that they were not aware of until after the Trustee's Sale,

12  but those facts do not support viable claims. Specifically, these alleged facts are that BOA did

13  not notify its subsidiary when Plaintiffs were in short sale negotiations, and BOA did not inform

14  Plaintiffs that the Trustee's sale was going forth despite missing the original sale date. However,

15  Plaintiffs had an obligation to restrain the sale pursuant to the statutory provisions of RCW

16  61.24.130. Thus, regardless of BOA's actions after the Notice of Trustee's sale, Plaintiffs had

17  sufficient knowledge of all plausible defenses available to them before the sale.

18          Finally, these contract and tort claims are within the scope of the waiver doctrine. The

19  waiver doctrine applies to claims "arising out of any underlying obligation secured by the

20  foreclosed deed of trust." *Brown*, 146 Wash. App. at 167. Tort claims and claims for monetary

21  damages are not exempt from the waiver doctrine, because the basis for those claims could

22  provide defenses to foreclosure. *Id.* at 169 ("To except tort or other claims for money damages

23  from the waiver provision would frustrate the purposes of the [DTA] because lenders

24

understandably may not be willing to utilize a nonjudicial foreclosure procedure in which the trustee's sale bars any deficiency judgment but leaves the lender subject to potential liability arising out of the underlying obligation even after the property securing the deed of trust has been sold"). Plaintiffs' claims of breach of contract, breach of covenant of good faith, promissory estoppel, negligence, gross negligence, and wanton misconduct could have provided defenses to the foreclosure, and should have been brought pursuant to the statutory procedure of RCW 61.24.130, before the foreclosure.  Plaintiffs have failed to demonstrate that they were outside the scope of the waiver doctrine.

The Court finds that Plaintiffs had notice of the Trustee's Sale, knowledge of defenses to the Trustee's Sale, and their claims for relief are within the scope of the waiver doctrine. Thus, the Court shall grant the motion to dismiss as to the following claims: (1) breach of contract; (2) breach of contract for failure to comply with the Deed of Trust Act; (3) breach of contract for short sale; (4) breach of contract to negotiate; (5) breach of covenant of good faith; (8) promissory estoppel; (10) negligence (11) gross negligence; and (12) wanton misconduct.  As Plaintiffs can state no additional facts which would overcome the waiver doctrine, the dismissal will be without leave to amend.

(2)  <u>Plaintiffs have not Alleged Specific Facts in Support of Claims for Negligent Misrepresentation, Fraud, and Violation of the CPA.</u>

The waiver doctrine does not apply to claims for negligent misrepresentation, fraud, and violations of the CPA because RCW 61.24.127 specifically states that these claims cannot be waived. Nonetheless, the Court shall dismiss these three claims for failure to state a claim upon which relief can be granted.

As to the claim for negligent misrepresentation, Plaintiffs have not alleged specific facts that would show that Defendant provided false information. A plaintiff claiming negligent

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS - 7

1  misrepresentation must prove by clear, cogent, and convincing evidence the following elements:

2  (1) the defendant supplied information for the guidance of others in their business transactions

3  that was false; (2) the defendant knew or should have known that the information was supplied to

4  guide the defendant in his business transactions; (3) the defendant was negligent in obtaining or

5  communicated false information; (4) the plaintiff relied on the false information; (5) the

6  plaintiff's reliance was reasonable; and (6) the false information proximately caused the

7  plaintiff's damages. *Ross v. Kirner*, 162 Wash. 2d. 493 499 (2007). Plaintiffs allege that BOA

8  told them that the property could be sold through a short sale rather than a foreclosure, but they

9  do not allege that BOA definitively stated that the property *would* be sold through a short sale.

10  And Plaintiffs have not alleged that BOA explicitly stated that it was not going forward with the

11  Trustee's sale; rather, they argue that they assumed BOA was not pursuing the sale. An

12  assumption by Plaintiffs regarding defendants' actions does not rise to the level of supplying

13  false information. Accordingly, Plaintiffs have not alleged a plausible claim for negligent

14  misrepresentation, because they have failed to allege facts that suggest Defendant supplied false

15  information to them.

16         The Court shall also dismiss Plaintiffs' fraud claim because Plaintiffs have not provided

17  sufficient detail, as required by Fed.R.Civ.P. 9(b). "Rule 9(b) demands that the circumstances

18  constituting the alleged fraud be specific enough to give defendants notice of the particular

19  misconduct ... so that they can defend against the charge and not just deny that they have done

20  anything wrong." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 558 (9th Cir. 2010) (internal

21  quotations and citations omitted). Accordingly, "[t]o avoid dismissal for inadequacy under Rule

22  9(b), [the] complaint would need to state the time, place, and specific content of the false

23  representations as well as the identities of the parties to the misrepresentation." *Id.* Plaintiffs

24

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS - 8

1   failed to provide details such as specific content of the alleged representations; the identities of

2   the persons who made the alleged representations; or the specifics about the short sale

3   negotiations. The Court accordingly finds that Plaintiffs have not alleged a plausible claim for

4   fraud under Rule 9(b).

5         Finally, the Court shall dismiss the CPA claim because Plaintiffs have not alleged any

6   facts in support of the public interest element. For a successful CPA claim, a plaintiff must

7   demonstrate (1) an unfair or deceptive act or practice (2) occurring in trade or commerce (3) that

8   impacts the public interest (4) causing an injury to the plaintiff's business or property with (5) a

9   causal link between the unfair or deceptive act and the injury suffered. *Dewitt Const. Inc. v.*

10  *Charter Oak Fire Ins. Co.*, 307 F.3d 1127, 1138 (9th Cir. 2002).  Plaintiffs' Complaint states that

11  the Defendant's actions impact the public interest. Dkt. # 3-1, p. 12.  In their response to

12  Defendant's motion to dismiss, Plaintiffs assert "the impact on the public interest is inherent."

13  Dkt. # 10, p. 8. However, the public interest in a private dispute is not inherent. *Hangman Ridge*

14  *Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778, 790, (1986) (holding that when

15  a transaction is a private dispute, it may be more difficult to show that the public has an interest

16  in the subject matter).  Plaintiffs' conclusory allegation is insufficient to show an impact on the

17  public interest.  Plaintiffs have thus failed to allege a plausible claim for violation of the CPA,

18  because one of the requisite elements is missing.

19        Accordingly, the Court shall grant the motion to dismiss the claims for (6) negligent

20  misrepresentation; (7) fraud; and (9) unfair and deceptive business practices in violation of the

21  (CPA) because Plaintiffs have not alleged sufficient facts to support each claim.  However,

22  dismissal of these claims shall be with leave to amend.

23

24

1    The Court freely gives leave to amend when justice so requires. Fed. R. Civ. P. 15. If

2    Plaintiffs amended their Complaint, they would still not have plausible claims for breach of

3    contract, breach of covenant of good faith, promissory estoppel, negligence, gross negligence,

4    and wanton misconduct because they waived their right to bring these claims when they failed to

5    restrain the sale pursuant to RCW 61.24.30.  However, as to the claims for negligent

6    misrepresentation, fraud, and violation of the CPA, these claims might go forward if Plaintiffs

7    allege more specific facts in support of the elements of each claim.  Plaintiffs shall accordingly

8    be given leave to file an amended complaint with these three claims.  Such amended complaint

9    shall be filed now, rather than after discovery as requested by Plaintiffs.  Discovery will not open

10   until an amended complaint and answer have been filed and the Court has entered a case

11   Scheduling Order.

12                                          CONCLUSION

13   Defendants' motion to dismiss (Dkt. # 8) is GRANTED.  Plaintiff's claims of for breach

14   of contract, breach of covenant of good faith, promissory estoppel, negligence, gross negligence,

15   and wanton misconduct are dismissed without leave to amend.  Plaintiff's claims of negligent

16   misrepresentation, fraud, and violation of the CPA are dismissed with leave to amend.  The

17   amended complaint, if filed, shall be filed within twenty days of the date of this Order.

18   Dated this 4th day of January 2013.

19

20                                          RICARDO S. MARTINEZ

21                                          UNITED STATES DISTRICT JUDGE

22

23

24

ORDER GRANTING DEFENDANT BANK OF AMERICA'S MOTION TO DISMISS - 10