UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PHUONG N. TRAN AND CHUONG VAN NGUYEN, husband and wife,

        Plaintiffs,

vs.

BANK OF AMERICA, N.A.,

        Defendant.

Case No. 2:12-cv-01281RSM

ORDER ON MOTION TO DISMISS

INTRODUCTION

Plaintiffs Phuong N. Tran and Chuong Van Nguyen, appearing through counsel, have filed the present action against defendant Bank of America, N.A. Previously, this Court dismissed plaintiffs' complaint, which included twelve various claims against defendant. Three claims were dismissed with leave to amend and plaintiffs have reasserted those claims here: violation of the Washington Consumer Protection Act ("CPA"), RCW 19.86.020, fraud, and negligent misrepresentation. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

The matter is now before the Court for consideration of defendant's Rule 12(b)(6) motion to dismiss the first amended complaint for failure to state a claim. Dkt. #17. Defendant has properly filed this motion before filing an answer to the complaint. FED.R.CIV.P. 12(b)(6). Plaintiffs have opposed the motion. After careful consideration of the complaint and attachments thereto, the parties' memoranda, and the remainder of the record, the motion shall be granted in part and denied in part.

ORDER - 1

FACTUAL BACKGROUND

The complaint alleges that plaintiffs, husband and wife, purchased real property located at 2512 97th Place SE, Everett, Washington, 98208-9828 (the "Property") which they financed with a loan (the "Note") from Countrywide Home Loans, Inc. ("Countrywide") in early spring of 2007.  Dkt. #14, ¶7.  The Deed of Trust ("DOT") securing the Note identified Countrywide Home Loans, Inc. ("Countrywide") as the lender and Chicago Title Insurance Company ("CTIC") as the trustee for the benefit of Mortgage Electronic Registration Systems ("MERS").  *Id.*

In 2008, defendant Bank of America, N.A. ("BOA") became the assignee of the DOT after acquiring Countrywide.  *Id.*, ¶¶ 9-10.  In November 2010, MERS, through a Corporation Assignment of Deed of Trust, transferred all beneficial interest under the DOT to BAC Home Loans Servicing, LP ("BAC") (formerly known as Countrywide Home Loans Servicing, LP).  *Id.*, ¶13; *Id.*, Exhibit B.  Countrywide executed an Appointment of Successor Trustee making ReconTrust Company ("ReconTrust") the trustee under the DOT.  *Id.*, ¶21.  ReconTrust is a wholly owned subsidiary of BOA.  *Id.*, ¶16.

In October 2010, plaintiffs defaulted on their mortgage and BOA initiated foreclosure proceedings.  *Id.*, ¶¶ 11, 23.  On October 20, 2010, ReconTrust issued a Notice of Default ("NOD") to plaintiffs indicating plaintiffs were $21,587.37 in arrears.  *Id.*, Exhibit C.

Three documents, including two Notices of Trustee's Sale and a Notice of Foreclosure attached to the latter Notice of Trustee's Sale, indicated that the Property was the subject of an impending Trustee's Sale.  *Id.*, Exhibits D, E, K.  The first Notice of Trustee's Sale is dated November 25, 2010.  *Id.*, Exhibit D.  Attached thereto is a Notice to the Resident of the Property Subject to Foreclosure dated January 19, 2011.  *Id.*  The Notice of Trustee's Sale indicates that a Trustee's Sale of the Property was scheduled for April 22, 2011.  *Id.*

The second Notice of Trustee's Sale (dated January 18, 2011) confirms that a Trustee's Sale of the Property was scheduled for April 22, 2011.  *Id.*, Exhibit K.  The Notice of Foreclosure, however, attached to the second Notice of Trustee's Sale (with an attached

Declaration of Mailing dated January 19, 2011), lists the scheduled date of Trustee's Sale as May 20, 2011. *Id.*, Exhibit E.

On or about February 14, 2011, after receiving a NOD, plaintiffs entered into short sale negotiations with BOA. *Id.*, Exhibit C. Pursuant to such negotiations, plaintiffs secured a pre-approved buyer for the Property. *Id.*, Exhibits G, H. On April 25, 2011, the pre-approved buyer and plaintiffs entered into a Residential Purchase and Sale Agreement, which listed the sale price of the Property as $229,000. *Id.*, Exhibit G. Plaintiffs contacted BOA to notify it of the sale, but received no response. *Id.*, ¶29.

The Trustee's Sale did not occur on April 22, 2011 as indicated in the Notices of Trustee's Sale. *Id.*, ¶27. ReconTrust proceeded with the sale, however, on May 20, 2011, as listed in the Notice of Foreclosure. *Id.*, ¶30.

The Property was sold at Trustee's Sale to Federal National Mortgage Association ("FNMA") for $337,759.99. *Id.* No consideration was paid. *Id.*, ¶31. FNMA subsequently filed an unlawful detainer against plaintiffs, and obtained a Writ of Restitution. *Id.*, ¶¶ 32, 35. Plaintiffs were evicted from the Property thereafter. *Id.*, ¶36. They filed this action on January 24, 2013 and seek relief for violation of the CPA, fraud, and negligent misrepresentation. Defendant has again moved to dismiss plaintiffs' claims.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to provide a short and plain statement showing entitlement to relief such that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Claims failing to meet this standard must be dismissed. FED.R.CIV.P. 12(b)(6).

In considering a Rule 12(b)(6) motion to dismiss, the Court may "generally consider only allegations contained in the pleadings, exhibits attached to the Complaint, and matters properly subject to judicial notice." *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007)

(internal citations omitted). Moreover, the Court accepts all facts alleged in the Complaint as true, even if doubtful in fact, and makes all inferences in the light most favorable to the non-moving party. *Barker v. Riverside Cnty. Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The question posed by a Rule 12(b)(6) motion to dismiss is whether the plaintiff has alleged sufficient facts to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible if the plaintiff has pled "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must plead facts sufficient to "raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim. *Twombly*, 550 U.S. at 556.

A plaintiff must provide the grounds for his or her entitlement to relief and merely showing the "sheer possibility" that a defendant has acted unlawfully or providing a "formulaic recitation of the elements of a cause of action" will not defeat a motion for dismissal. *Id.*, at 555-56. Indeed, where there is an "obvious alternative explanation" for the conduct alleged, the complaint should be dismissed. *Iqbal*, 556 U.S. at 682 (internal citations omitted).

**II. Analysis**

Defendant contends dismissal of plaintiffs' fraud and negligent misrepresentation claims is appropriate as plaintiffs have failed to allege a false statement or harm flowing from such a statement, as required to assert a cause of action for these claims. Defendant also moves to dismiss plaintiffs' CPA claim due to plaintiffs' failure to allege impact on the public. This Court shall grant defendant's motion to dismiss in part and deny it in part.

*A. Violation of the Consumer Protection Act (Claim 1)*

To be successful on a claim for violation of the CPA, a plaintiff must demonstrate (1) an unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) that impacts the public interest; (4) causing an injury to the plaintiffs' business or property with; (5) a causal

ORDER - 4

link between the unfair or deceptive act and the injury suffered. *DeWitt Constr. Inc. v. Charter Oak Fire Ins. Co.*, 307 F.3d 1127, 1138 (9th Cir. 2002). Defendant asserts plaintiffs have not stated a claim for violation of the CPA because they failed to satisfy the third element of a prima facie case, namely that the unfair act or practice alleged impacts the public interest. This Court previously dismissed plaintiffs' CPA claim without prejudice for failure to allege sufficient facts in support of the public interest element of the claim. Again, as defendant asserts, plaintiffs have failed to raise facts in support of this element of their CPA claim, making only a general assertion that defendant's actions "impact the public interest." As discussed in this Court's prior order, this, without more, is insufficient. Plaintiffs were given a second opportunity to state facts sufficient to meet this element and have failed to do so. Defendant's motion to dismiss shall be granted as to plaintiffs' CPA claim.

*B. Fraud (Claim 2)*

Plaintiffs allege that defendant, through its subsidiary ReconTrust, made false statements to them throughout the foreclosure process. In order to establish a prima facie case of fraud, a plaintiff must show: (1) a representation of an existing fact; (2) its materiality; (3) its falsity; (4) the speaker's knowledge of its falsity; (5) the speaker's intent that it should be acted on by the person to whom it is made; (6) ignorance of its falsity on the part of the person to whom the representation is addressed; (7) the latter's reliance on the truth of the representation; (8) the latter's right to rely upon it; and, (9) consequent damage caused to the person who rightfully relied on the misrepresentation. *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wash. 2d 157, 166 (2012). Defendant contends that plaintiffs have failed to allege facts which establish elements (3) and (9).

With respect to the third element, plaintiffs have pointed directly to a number of inconsistent documents that were made available by ReconTrust, a wholly-owned subsidiary of defendant. First, plaintiffs allege the Notices of Default, Trustee's Sale, and Foreclosure list differing amounts required to cure their default. Second, plaintiffs point to documents filed by ReconTrust in the Snohomish County Superior Court in connection with the unlawful detainer

action against plaintiffs. Plaintiffs allege the false statements in those documents include the following: (1) foreclosure documents that list contradictory arrears amounts and a differing date on the signature line than the copies provided to plaintiffs during the foreclosure of their home; (2) an affidavit allegedly written by Leticia Quintana, the purported Vice President of ReconTrust, but sworn and signed by an individual by the name of Eva Tapia; and, (3) a Declaration of Posting filed by Ms. Quintana that corresponds to a property address that is not that of the Property at issue in plaintiffs' dispute. Some of these contradictory statements must be false.

Plaintiffs also contend that the Notices of Default, Trustee's Sale, and Foreclosure inconsistently identify the trustee's client payee, first as BOA, then as BAC, then, again, as BOA. Finally, plaintiffs allege that the Notice of Trustee's Sale (dated November 25, 2010) listed April 22, 2011 as the date scheduled for the sale, while the Notice of Foreclosure with another Notice of Trustee's Sale attached (from January 2011) listed May 20, 2011 as the date scheduled for the sale.

### i. The Contradictory Dates

The record reveals plaintiffs received notice of an impending Trustee's Sale prior to entering into short sale negotiations with BOA. Thereafter, plaintiffs contend they "actively work[ed]" with BOA on the short sale process through April 25, 2011, when they found a pre-qualified and willing buyer for the Property. Plaintiffs, however, never allege that BOA explicitly stated it would not proceed with the Trustee's Sale. On May 20, 2011, the date listed in the latter documentation provided to plaintiffs, ReconTrust commenced the Trustee's Sale. As this Court held previously, "[a]n assumption by [p]laintiffs regarding [defendant's] actions do not rise to the level of supplying false information." Plaintiffs have not, therefore, sufficiently alleged that the varying dates of Trustee's Sale provided by defendant constitute a false representation.

### ii. The Identity of ReconTrust's Client Payee

As plaintiffs allege, the Notices of Default, Trustee's Sale, and Foreclosure

ORDER - 6

inconsistently identify the trustee's client.  However, plaintiffs had notice of the merger between BOA and BAC making the entities, in fact, one and the same.  Plaintiffs have not sufficiently alleged that defendant falsely represented the identity of ReconTrust's client payee.

### iii. The Unlawful Detainer Action

The Snohomish County Superior Court relied on the documents provided by defendant when making its decision to grant a Writ of Restitution in favor of FNMA.  Notwithstanding defendant's contention that the filings were the product of incidental oversight, the Superior Court's decision was closely followed by that Court's denial of plaintiffs' motion for reconsideration and recission and, subsequently, plaintiffs' eviction from the Property. Plaintiffs' alleged harm from the Superior Court's reliance on alleged false statements meets the threshold requirements for asserting the cause of action.

### iv. The Differing Arrears Amounts

The total amount listed as due on the Notice of Trustee's Sale dated January 19, 2011 is less than the amount listed on the Notice of Trustee's Sale dated November 25, 2010.  One of these amounts must be incorrect.  As a result of inconsistently listed amounts, plaintiffs contend they could not ascertain how much they would need to pay to become current on the Note.  By "pointing to inconsistent . . . statements or information . . . which were made available by [defendant]," plaintiffs have alleged a false statement.  *Wessa v. Watermark Paddlesports, Inc.*, 2006 WL 1418906, at *3 (W.D. Wash.).

Although no false statement has been alleged with regard to ReconTrust's client or the conflicting dates of Trustee's Sale, plaintiffs have alleged false statements regarding the documents filed in support of the unlawful detainer action and the contradictory arrears amounts.  Defendant's motion to dismiss shall accordingly be denied as to plaintiffs' fraud claim.

*C. Negligent Misrepresentation (Claim 3)*

Plaintiffs claim they relied on defendant's negligent misrepresentations when choosing to pursue a short sale of the Property and forego alternatives that may have allowed them to

ORDER - 7

1  avoid foreclosure.  Defendant asserts that plaintiffs have failed to allege a false representation
2  or an injury caused by such misrepresentation.

3  In order to establish a prima facie case of negligent misrepresentation, a plaintiff must
4  show: (1) the defendant supplied false information for the guidance of others in their business
5  transactions; (2) the defendant knew or should have known that the information was supplied to
6  guide a plaintiff in his business transactions; (3) the defendant was negligent in obtaining or
7  communicating the false information; (4) the plaintiff relied on the false information; (5) the
8  plaintiff's reliance was reasonable; and, (6) the false information proximately caused the
9  plaintiff's damages.  *Ross v. Kirner*, 162 Wash. 2d 493, 499 (2007).

10  Mirroring the facts alleged in plaintiffs' fraud claim, plaintiffs contend the following
11  false statements support their claim of negligent misrepresentation: (1) the Notices of Default,
12  Trustee's Sale, and Foreclosure list differing amounts required to cure their default; (2)
13  ReconTrust filed documents containing false information in the Snohomish County Superior
14  Court in connection with the unlawful detainer action against plaintiffs; (3) the Notices of
15  Default, Trustee's Sale, and Foreclosure inconsistently identified the trustee's client first as
16  BOA, then as BAC, then, again, as BOA; and, (4) the Notice of Trustee's Sale from November
17  25, 2011 listed April 22, 2011 as the scheduled date for Trustee's Sale, while a later Notice of
18  Foreclosure with attached Notice of Trustee's Sale listed the Trustee's Sale date as May 20,
19  2011.

20  As previously addressed, although no false statement or representation has been alleged
21  with regard to ReconTrust's client or the conflicting dates listed for Trustee's Sale, plaintiffs
22  have alleged false statements or representations with regard to the documents filed in support of
23  the unlawful detainer action and the contradicting amounts required to cure their default.
24  Defendant's motion to dismiss shall be denied as to plaintiffs' negligent misrepresentation
25  claim.

26
27

ORDER - 8

CONCLUSION

Defendant's motion to dismiss for failure to state a claim is GRANTED as to plaintiffs' claim of violation of the CPA (Claim 1) and this claim is DISMISSED. The motion is DENIED as to plaintiffs' claims of fraud and negligent misrepresentation (Claims 2 and 3).

DATED this 22nd day of July 2013.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 9